UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELANO THOMAS, #207370,

        Petitioner,

v.

        CASE NO. 2:21-CV-10293
        HONORABLE SEAN F. COX

NOAH NAGY,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Delano Thomas ("Petitioner"), currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and request for injunctive relief under 28 U.S.C. § 1331. Petitioner is currently incarcerated due to plea-based convictions for second-degree murder (1991), breaking and entering a building with intent to commit a felony (1990), and assaulting an employee or escape attempt (1996) for which he is serving terms of life imprisonment, 9 months to 10 years imprisonment, and 9 months to 2 years imprisonment, respectively. *See* Petitioner's Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=207370. In his pleadings, Petitioner does not challenge the constitutionality of his convictions, but rather seeks temporary release from custody/home confinement due to his risk of illness and death from COVID-19 while incarcerated. Petitioner states that he is 51 years old and suffers from asthma, sleep apnea, spinal surgery nerve

damage, high blood pressure, high cholesterol, and acid reflux. For the reasons stated herein, the Court dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II. Analysis

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

It is well-settled that a state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust available state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be raised in the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368

(6th Cir. 1984). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner filed his habeas petition pursuant to 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254. The United States Court of Appeals for the Sixth Circuit has suggested that there is a "serious question whether a state prisoner may proceed under § 2241," *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006), but, has permitted state prisoners to proceed under § 2241, subject to the restrictions imposed by § 2254. *See, e.g., Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001). Regardless of whether the petition is deemed filed under § 2254 or § 2241, Petitioner must satisfy the exhaustion requirement. *See Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 237 (6th Cir. 2006); *see also Phillips v. Court of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012).

Petitioner fails to meet this burden. He neither alleges nor establishes that he has exhausted available state remedies. Petitioner has at least one available procedure by which to raise the issues presented in his pleadings. For example, he may be able to file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq*. with the state trial court if he has not already done so. *See* Mich. Ct. R. 6.502(G)(1) (allowing for filing one such motion after August 1, 1995). He may also be able to file a state habeas petition in that he seeks a determination on the legality of his continued confinement. *See Phillips v. Warden, State Prison of S. Mich.*, 396 N.W.2d 482, 486 (Mich. Ct. App. 1986). He may also be able to seek relief, even release, by civil action in state court for

3

unconstitutional conditions of confinement. *See Kent Co. Prosecutor v. Kent Co. Sheriff*, 409 N.W.2d 202, 208 (Mich. 1987) ("No one now doubts the authority of courts to order the release of prisoners confined under conditions violating their Eighth and Fourteenth Amendment rights."). There may also be an administrative remedy for requesting release or alternative custody by filing a grievance within the Michigan Department of Corrections. Petitioner thus has at least one available state remedy that must be exhausted before proceeding in federal court. *See, e.g., Sewell v. Brown*, No. 2:20-CV-77, 2020 WL 3542154, *3-4 (W.D. Mich. June 30, 2020) (discussing available remedies and dismissing similar § 2241 habeas petition).

The Court notes that a petitioner's failure to exhaust state court remedies may be excused if "there is an absence of State corrective process" or if "circumstances exist that render such process ineffective" to protect his or her rights. 28 U.S.C. § 2254(b)(1)(B). Petitioner does not assert facts which indicate that there is an absence of state corrective process or that present circumstances have rendered state remedies ineffective. Although the COVID-19 pandemic has had an undeniable impact on all aspects of society, including delaying court proceedings, there is no indication that Petitioner cannot obtain relief in the state courts. *See, e.g., Money v. Pritzker*, 2020 WL 1820660, *21 (N.D. Ill. April 10, 2020) (holding that exhaustion requirement was not satisfied because petitioners had "not made a satisfactory showing that the state court system was not every bit as available as the federal courts, if not more so [to resolve emergency COVID-19 motion]"). This case must therefore be dismissed.

### III. Conclusion

For the reasons stated, the Court concludes that Petitioner has not exhausted available state court remedies as to his claims before seeking federal habeas review. Accordingly, the Court

**DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal. This case is closed.

**IT IS SO ORDERED**.

s/Sean F. Cox
SEAN F. COX
UNITED STATES DISTRICT JUDGE

Dated: June 2, 2021